**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER T. LITTLEFAIR,

         Plaintiff - Appellant,

  v.

SERGEANT ARNE GOSNER, in his
individual and official capacity; et al.,

         Defendants - Appellees.

No. 09-35806

D.C. No. 3:08-cv-05476-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 30, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

    Peter Littlefair appeals the district court's order granting summary judgment

based on qualified immunity in favor of Sergeant Arne Gosner on Littlefair's

claims brought under 42 U.S.C. § 1983.  We have jurisdiction under 28 U.S.C

§ 1291, and we affirm.

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's grant of summary judgment. *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). Viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, we must "determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

Where a plaintiff brings a § 1983 claim alleging false or omitted statements in a search warrant affidavit, the standard for qualified immunity is governed by *Franks v. Delaware*, 438 U.S. 154 (1978). *Liston v. County of Riverside*, 120 F.3d 965, 972 (9th Cir. 1997). To survive summary judgment for a claim for judicial deception, a plaintiff "must make (1) a 'substantial showing' of deliberate falsehood or reckless disregard for the truth and (2) establish that, but for the dishonesty, the challenged action would not have occurred." *Id*. at 973 (quoting *Hervey v. Estes*, 65 F.3d 784, 788–89 (9th Cir. 1995)). "If a plaintiff satisfies these requirements, 'the matter should go to trial.'" *Id.* at 973 (quoting *Hervey*, 65 F.3d at 789).

Littlefair failed to show that Sergeant Gosner deliberately or recklessly made false statements or omissions in his affidavit that were material to the finding of probable cause for the search warrant of Littlefair's property. As the Supreme

2

Court has noted, "qualified immunity . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Sergeant Gosner's conduct does not rise to this level, and therefore he is entitled to qualified immunity.

Furthermore, the district court did not abuse its discretion when it excluded portions of Littlefair's declaration.  Littlefair did not have personal knowledge to offer such evidence under Federal Rule of Civil Procedure 56(e).  Even if the district court did abuse its discretion, the error was harmless given that the excluded evidence was cumulative of other evidence.  *See United States v. Hinkson*, 585 F.3d 1247, 1251, 1262 (9th Cir. 2009) (en banc).

**AFFIRMED.**